## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LASHON JACKS, MORRIE BELL, and ERRICK RHODES, individually, and on behalf of all others similarly situated,** : | **CIVIL ACTION** |
| **Plaintiffs,** : | |
| **v.** : | **NO. 10-CV-1707** |
| **DIRECTSAT USA, LLC, UNITEK USA, LLC, JAY HEABERLIN, LLOYD RIDDLE, and DAN YANNANTUONO** : **Defendants.** : | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441, *et seq.*, Defendants DirectSat USA, LLC, Unitek USA, LLC, Jay Heaberlin, Lloyd Riddle, and Dan Yannantuono (collectively "Defendants") hereby file this Notice of Removal from the Circuit Court of Cook County, Illinois, in which it is now pending, to the United States District Court for the Northern District of Illinois. In support of removal, DirectSat avers as follows:

1. Plaintiffs initiated the instant action on or about February 9, 2010, by filing a Complaint in the Circuit Court of Cook County, Illinois. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

2. Defendants' first notice that this action was removable to this Court was no earlier than on or about February 15, 2010, when counsel for Defendants accepted service of the Complaint.

3.      This Notice of Removal is timely filed within thirty (30) days (as calculated under applicable law and court rules) of Defendants' first notice that the claim was removable to this Court.  28 U.S.C. §1446(b).

4.      Venue is properly laid in this district because a substantial part of the events giving rise to Plaintiffs' purported claim allegedly occurred in this district.  28 U.S.C. §1391(b).

5.      This matter is removable to this Court pursuant to 28 U.S.C. §1441 (a), (b) and (c), because the Complaint purports to set forth a claim or cause of action for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*.  *See* Exhibit "A" at pp. 9-10 (Count V).

6.      Thus, Plaintiffs' claims arise, if at all, under the laws of the United States.  As such, the claims are within the original jurisdiction conferred on the district courts of the United States by 28 U.S.C. §1331 and §1343.

7.      To the extent Plaintiffs also purport to allege claims under Illinois law, including Illinois wage and overtime requirements, 820 ILCS §105, *et seq*., this entire case is nonetheless removable, *see* 28 U.S.C. §1441(c), and this Court may exercise supplemental jurisdiction over any such state law claims, if any.

8.      The present lawsuit is also removable from the state court to this Court pursuant to 28 U.S.C. §1441, *et seq.*, because the Complaint involves parties of diverse citizenship and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §1332.

9.      There is complete diversity of citizenship in the instant action because, pursuant to Plaintiffs' Complaint, Plaintiffs Lashon Jacks, Morrie Bell, and Errick Rhodes are citizens of Illinois.  *See* Exhibit "A" at ¶¶ 1-3.

10.      Defendant DirectSat USA, LLC ("DirectSat") is a limited liability company organized under the laws of the State of Delaware with its principle place of business in the

Commonwealth of Pennsylvania. *Id.* at ¶ 5. The sole member of DirectSat is Defendant Unitek USA, LLC.

11. Defendant Unitek USA, LLC ("Unitek") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in the Commonwealth of Pennsylvania. The sole member of Unitek is Unitek Acquisition Corporation, which is a Delaware Corporation. *Id.* at ¶6.

12. Defendant Jay Heaberlin is a citizen of the Commonwealth of Pennsylvania.

13. Defendant Lloyd Riddle is a citizen of the State of Colorado.

14. Defendant Dan Yannantuono is a citizen of the Commonwealth of Pennsylvania.

15. In the Complaint, Plaintiffs demand compensatory damages, interest, liquidated damages, and reasonable attorney's fees on behalf of themselves and all others similarly situated. *Id.* at *ad damnum* clause at pp. 10-11.

16. Accordingly, the matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00) for each Plaintiff. *See* Complaint at *ad damnum* clauses at pp. 10-11.

17. Because there is complete diversity of citizenship and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00) for each Plaintiff, this case is properly removed to this Court pursuant to 28 U.S.C. §1441(a) and is within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. §1332.

18. The present lawsuit is also removable from the state court to this Court pursuant to 28 U.S.C. §1441, *et seq.*, because the Complaint involves an alleged class action in which at least one Plaintiff is a citizen of a state different than all Defendants, and the aggregate amount in controversy for all Plaintiffs exceeds $5,000,000.00. *See* 28 U.S.C. §1332(d). Accordingly, removal is proper on this basis as well.

19.    The present lawsuit is removable from state court to this Court pursuant to 28 U.S.C. §1441(a), because the Complaint attempts to set forth causes of action against Defendants that are within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. §1332(d) (this is the class action section).

20.    As set forth above, there is complete diversity of citizenship in the instant action because, pursuant to Plaintiffs' Complaint, Plaintiffs are citizens of Illinois and Defendants DirectSat and Unitek are citizens of Delaware, Defendants Heaberlin and Yannantuono are citizens of Pennsylvania, and Defendant Riddle is a citizen of Colorado. 28 U.S.C. §1332.

21.    Plaintiffs' allege that the proposed class is "approximately several hundred individuals." *See* Complaint at ¶23.

22.    Further, the aggregate amount in controversy exceeds the sum of $5,000,000.00. Plaintiffs demand compensatory damages, interest, liquidated damages, and reasonable attorney's fees for each member of the class, alleged to be "approximately several hundred individuals." *See* Complaint at ¶23 and *ad damnum* clauses at pp. 10-11.

23.    Because this is a class action with complete diversity of citizenship and the aggregate amount in controversy exceeds the sum of $5,000,000.00, this case is properly removed to this Court.

24.    Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the State Court and served upon the Plaintiff.

WHEREFORE, the above-captioned action, now pending in the Circuit Court of Cook County, Illinois, is removed therefrom to this Honorable Court.

Respectfully submitted,

/s/ Ursula A. Taylor

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Counsel for Defendant
DirectSat USA, LLC

DATED: March 17, 2010

## CERTIFICATE OF SERVICE

I, Ursula A. Taylor, Esquire, hereby certify that, on this date, I caused to be served a true and correct copy of the foregoing Notice of Removal by U.S. mail, first class, postage prepaid, upon the following:

Ryan F. Stephan, Esquire
James B. Zouras, Esquire
Stephan Zouras, LLP
205 N. Michigan Ave., Suite 2560
Chicago, IL 60601

Jac A. Cotiguala
Brian D. Massatt
Jac A. Cotiguala & Associates
431 South Dearborn St., Suite 606
Chicago, IL 60605

/s/ Ursula A. Taylor
Ursula A. Taylor

DATED:  March 17, 2010

457874v1

7

# <u>EXHIBIT A</u>

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

LASHON JACKS, MORRIE BELL and )
ERRICK RHODES, individually, and on )
behalf of all others similarly situated, )
                                     )
      Plaintiffs, )
                                     )   Case No.
    v. )
                                     )
DIRECTSAT USA, LLC, UNITEK USA, )
LLC, JAY HEABERLIN, LLOYD RIDDLE )  JURY DEMANDED
AND DAN YANNANTUONO )
                                     )
      Defendants. )

## COMPLAINT

Plaintiffs, LASHON JACKS, MORRIE BELL and ERRICK RHODES, individually and on

behalf of all other similarly situated employees, by and through their counsel of record, bring their claims

as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802 and in

accordance with Illinois state wage and hour law, and individually in accordance with federal wage and

hour law, against Defendants, alleging, upon personal belief as to themselves and their own acts, as for all

other matters upon information and belief, and based upon the investigation made by their counsel, as

follows:

## PARTIES

1.    Plaintiff Lashon Jacks is a resident of Cook County, Illinois and worked as an hourly non-exempt

service technician for Defendants located in the County of Cook, State of Illinois, during the applicable

statute of limitations period.

2.    Plaintiff Morrie Bell is a resident of Cook County, Illinois and worked as an hourly non-exempt

service technician for Defendants located in the County of Cook, State of Illinois, during the applicable

statute of limitations period.



3.      Plaintiff Errick Rhodes is a resident of Cook County, Illinois and worked as an hourly non-exempt service technician for Defendants located in the County of Cook, State of Illinois, during the applicable statute of limitations period

4.      Plaintiffs bring this case on behalf of themselves and others who currently work, or who worked as a non-exempt service technician, production technician or other similarly titled position for the Defendants in the State of Illinois at any time during the relevant statute of limitations period.

5.      Defendant, DirectSat USA, LLC ("DirectSat"), is a LLC with places of business in Cook County, Illinois and headquartered in King of Prussia, Pennsylvania. Defendant DirectSat is in the business of installing and servicing satellite dishes throughout the state of Illinois. DirectSat has maintained offices in South Holland, Illinois, Elmwood Park, Illinois, Sugar Grove, Illinois, Bedford Park, Illinois and Bolingbrook, Illinois, amongst other areas. Defendant's technicians service customers located throughout Cook, DuPage, and Kane Counties and the state of Illinois.

6.      Defendant, UniTek USA, LLC ("Unitek"), is a LLC with places of business in Cook County, Illinois and headquartered in Blue Bell, Pennsylvania. Among other things, Defendant UniTek is engaged in the business of satellite installation throughout the State of Illinois. UniTek is the parent corporation of DirectSat.

7.      Defendant Jay Heaberlin is a corporate officer and Vice President of Operations for Direct Sat. He was also responsible for starting up Direct Sat's Illinois operations with Dan Yannantuono and Lloyd Riddle in 2006. In these capacities, this individual is involved in the day to day business operation of DirectSat, and has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation and capital expenditures. At all relevant times, this individual acted and had responsibility to act on behalf and in the interests of DirectSat in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees. As such, at all times hereinafter mentioned, Defendant Jay Heaberlin has been and is an "employer" as defined by Section 3(c) of the Illinois Act. 820 ILCS 105/3 (c).

2

Accordingly, Heaberlin is subject to the provisions of 820 ILCS §105/4 requiring minimum wage for all hours worked.

8.      Defendant Lloyd Riddle ("Riddle") was the Chief Executive Officer or President of DirectSat and a corporate officer of DirectSat.  He was also responsible for starting up Direct Sat's Illinois operations with Dan Yannantuono and Jay Heaberlin in 2006.  In these capacities, this individual was involved in the day to day business operation of DirectSat, and had authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation and capital expenditures.  At relevant times, this individual acted and had responsibility to act on behalf and in the interests of DirectSat in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees.  As such, at all times hereinafter mentioned, Defendant Riddle has been and is an "employer" as defined by Section 3(c) of the Illinois Act.  820 ILCS 105/3 (c).  Accordingly, Riddle is subject to the provisions of 820 ILCS §105/4 requiring minimum wage for all hours worked.

9.      Defendant Dan Yannantuono ("Yannantuono") is a corporate officer and currently the Chief Executive Officer of DirectSat.  In these capacities, this individual is involved in the day to day business operation of DirectSat, and has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation and capital expenditures.  At all relevant times, this individual acted and had responsibility to act on behalf and in the interests of DirectSat in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees.  As such, at all times hereinafter mentioned, Defendant Dan Yannantuono has been and is an "employer" as defined by Section 3(c) of the Illinois Act.  820 ILCS 105/3 (c).  Accordingly, Yannantuono is subject to the provisions of 820 ILCS §105/4 requiring minimum wage for all hours worked.

3

## FACTUAL BACKGROUND

10.    Plaintiffs are individuals who were employed or are currently employed by Defendants as service technicians, production technicians or other similarly titled positions during the statutory period. Plaintiffs all shared similar job titles, compensation plans, job descriptions and job requirements.

11.    Defendants managed Plaintiffs' work, including the amount of hours worked by their technicians. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

12.    Plaintiffs were classified by Defendants as non-exempt under Illinois state wage and hour laws and paid an hourly rate.  The amount of Plaintiffs' hourly rate varied and was contingent on the amount of jobs completed by each technician on a weekly basis.

13.    Defendants provided Plaintiffs with work orders on a daily basis.  Plaintiffs traveled to customers' homes to install or service satellites and complete their work orders.  At the close of each job, Plaintiffs were required to call dispatch and inform them that the job had been completed.

14.    Defendants suffered and permitted Plaintiffs to regularly work more than 40 hours per week without proper overtime compensation. Plaintiffs routinely worked in excess of eight hours per day six or seven days per week driving to customers' homes, completing work orders and performing additional work.

15.    Defendants provided Plaintiffs with handwritten time sheets that they were to complete each week.  However, Defendants trained and directed their technicians to record less time than they actually worked.  Upon information and belief, the actual time worked by technicians completing work orders can be identified via call logs, other records maintained by Defendants and Plaintiffs' testimony.

16.    Defendants also encouraged Plaintiffs to begin work before the start of their route and continue to perform work after completing their last work order thereby requiring them to work unpaid time "off-the-clock."  Plaintiffs performed a variety of work off the clock including, but not limited to receiving work orders at their homes via facsimile and/or email, mapping out directions for their service calls, receiving calls from dispatch, preparing satellite dishes, loading satellites and other equipment into their vehicles

4

and unloading the same materials from their vehicles at the end of each day, participating in periodic inventories of their equipment, maintaining their Direct Sat vehicles, completing paperwork regarding completed work orders and attending weekly meetings, amongst other things.

17.     Defendants failed to accurately record actual hours worked by their technicians.  Rather, Defendants willfully encouraged their technicians to perform tasks and work additional time, including overtime, while off-the-clock.

18.     Defendants knew and were aware at all times that their production technicians routinely worked more than 40 hours per week.     Nonetheless, Defendants failed to properly pay their production technicians for all overtime hours actually worked.

19.     Defendants' practices violated the provisions of Illinois wage and hour law.  As a result of Defendants' unlawful practice, the Defendants benefited from reduced labor and payroll costs.

20.     Plaintiffs were all subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them of overtime compensation.  As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of Illinois wage and hour laws, Plaintiffs suffered lost wage and other damages.

## CLASS ALLEGATIONS

21.     Plaintiffs bring claims for relief on their own and as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.  The class is defined as:

> "All individuals who were employed or are currently employed by one or more of the Defendants, their subsidiaries or affiliated companies, in the state of Illinois as service technicians or other similarly titled positions during the applicable statute of limitations period."

22.     This action is properly maintainable as a class action under  §2-801 because:

     a.   The class is so numerous that joinder of all members is impracticable,

     b.   There are questions of law or fact that are common to the class,

     c.   The claims or defenses of the representative parties are typical of the claims or defenses of the class, and,

     d.   The Representative Plaintiffs will fairly and adequately protect the interests of the class.

### Numerosity

23.    The total number of putative class members represents approximately several hundred individuals.  The exact number of class members may be determined from Defendants' records.

### Commonality

24.    There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

      a.    Whether Defendants failed to keep true and accurate time records for all hours worked;

      b.    Whether Defendants' records of hours worked are reliable where Defendants failed their duty to maintain true and accurate time records;

      c.    Whether Defendants failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

      d.    Whether Defendants failed to compensate class members for all work performed in excess of 40 hours per workweek with overtime premium wages;

      e.    Whether Defendants engaged in a pattern, practice or policy encouraging class members to work "off-the-clock" and failing to pay class members for such hours worked "off-the-clock;" and,

      f.    Whether the Defendants willfully failed to comply with state wage and hour laws.

25.    Plaintiffs anticipate that Defendants will raise defenses that are common to the class.

### Adequacy

26.    The Representative Plaintiffs will fairly and adequately protect the interests of the class.  They have retained experienced counsel that is competent in the prosecution of complex litigation.

### Typicality

27.    The claims asserted by the Representative Plaintiffs are typical of the class members they seek to represent.  The Representative Plaintiffs have the same interests and suffer from the same injuries as the class members.

28.    Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer.

However, if any such class member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

### Superiority

29.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT I

### VIOLATION OF ILLINOIS WAGE AND OVERTIME REQUIREMENTS

29.     Plaintiffs incorporate by reference all preceding paragraphs.

30.     Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

31.     Defendants are "employers" and Plaintiffs and class members are "employees" under Illinois statute 820 ILCS §§105 *et seq.*

32.     Illinois Statutes 820 ILCS §§105 *et seq.* requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

33.     Defendants violated Illinois Statutes 820 ILCS §§105 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

34.     Defendants also willfully failed to pay overtime pay and other benefits to Plaintiffs.

35.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

36.     Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violation of these statutory provisions and other appropriate class-wide injunctive relief for the Illinois state sub-class.

## COUNT II

### UNJUST ENRICHMENT

37.     Plaintiffs incorporate by reference all preceding paragraphs.

38.     The performance of work by Plaintiffs and others similarly situated as set forth above conveyed a benefit to Defendants which they knowingly received.

39.     Defendants are not entitled to this benefit without payment and to retain such benefits without payment would be unjust to named Plaintiffs and the Plaintiff class.  As a matter of equity, Defendants should not be allowed to prosper at the expense of Plaintiffs and others similarly situated.

40.     Plaintiffs and others similarly situated are entitled to recover the reasonable value of the benefit conveyed to Defendants by Plaintiffs' performance of work described herein.

## COUNT III

### QUANTUM MERUIT

41.     Plaintiffs incorporate by reference all preceding paragraphs.

42.     The performance of work by Plaintiffs and others similarly situated as set forth above conveyed a benefit to Defendants which they knowingly received.

43.     Plaintiffs and others similarly situated are entitled to recover the reasonable value of the benefit conveyed to Defendants by Plaintiffs' performance of work described herein.

## COUNT IV

## BREACH OF IMPLIED CONTRACT

44.    Plaintiffs incorporate by reference all preceding paragraphs.

45.    Defendants entered into an implied contract with Plaintiffs and others similarly situated to pay them for wages for all work done and time spent for Defendants' benefit.

46.    Defendants breached this implied contract by failing to pay Plaintiffs and others similarly situated all the wages due for the benefits provided to Defendant.

47.    Plaintiffs and others similarly situated were all "at will" employees.  The law implies that a contract for payment of wages existed by the very nature of the employee/employer relationship.

48.    Defendants used a common scheme which caused Plaintiffs and others similarly situated not to be paid for all work performed and other wages due.  Defendants' common course of conduct constituted a breach of implied contract.

49.    Plaintiffs and others similarly situated were injured by Defendants' breach of implied contract to pay wages due.

50.    Defendants' actions were intentional, willful, malicious and in reckless disregard for the rights of Plaintiffs and others similarly situated.

## COUNT V

## FAIR LABOR STANDARDS ACT

51.    Plaintiffs, LASHON JACKS, MORRIE BELL and ERRICK RHODES ("Individual Plaintiffs") individually and not collectively, complain against Defendants as follows:

52.    Individual Plaintiffs incorporate by reference all preceding paragraphs except 20 through 28.

53.    Individual Plaintiffs assert claims for unpaid overtime pursuant to the FLSA.

54.    At any and all times relevant hereto, Defendants were each an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203 (s).

55.    At any and all times relevant hereto, Defendants were each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

9

56. At any and all times relevant hereto, LASHON JACKS, MORRIE BELL and ERRICK RHODES were each an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

57. During the applicable statute of limitations period, Plaintiffs LASHON JACKS, MORRIE BELL and ERRICK RHODES were not paid for all hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

58. At all times relevant hereto the action of Defendants to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

     a. Defendants knew that the FLSA required them to pay time and one-half for all hours worked over 40 in a week.

     b. Defendants failed to maintain true and accurate time records.

     c. Defendants encouraged plaintiffs to not record all hours worked.

As a direct and proximate result thereof, Plaintiffs are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, LASHON JACKS, MORRIE BELL and ERRICK RHODES individually, by and through their attorneys, demand judgment against the Defendants, and each of them, jointly and severally, and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

     A. Certify a class of individuals for Counts I, II, III and IV who were employed by Defendants as service technicians or other similarly titled positions in the State of Illinois;

     B. Appoint STEPHAN ZOURAS, LLP and JAC A. COTIGUALA & ASSOCIATES as counsel for the class;

     C. Declare and find that the Defendants violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.* by failing to pay overtime wages to the Plaintiff class; and,

     D. Award compensatory damages, including all overtime pay owed, in an amount according to proof;

E.     Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

F.     Declare and find that the Defendants violated overtime provisions of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, by failing to pay overtime wages to the individual Plaintiffs;

G.     Award liquidated damages on all overtime compensation due to all Individual Plaintiffs in Count V brought under the FLSA.

H.     Award all costs and reasonable attorney's fees incurred prosecuting this claim;

I.     Grant leave to amend to add claims under applicable state and federal laws;

J.     Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K.     For such further relief as the Court deems just and equitable.


Dated: February 9, 2010                       Respectfully submitted,

By:   */s/ Ryan F. Stephan*
          One of Plaintiffs' Attorneys

          Ryan F. Stephan
          James B. Zouras
          STEPHAN ZOURAS, LLP
          205 N. Michigan Ave., Suite 2560
          Chicago, Illinois 60601
          Telephone: 312-233-1550

          Jac A. Cotiguala
          Brian D. Massatt
          JAC A. COTIGUALA & ASSOCIATES
          431 South Dearborn Street, Suite 606
          Chicago, IL 60605
          Telephone: 312-939-2100

11