# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LASHON JACKS, MORRIE BELL and ERRICK RHODES, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTSAT USA, LLC, UNITEK USA, LLC, JAY HEABERLIN, LLOYD RIDDLE AND DAN YANNANTUONO<br><br>Defendants. | Case No. 10 C 1707<br><br>Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

The plaintiffs ask the court to compel the defendants to: (1) produce complete responses to Plaintiffs' Interrogatories Nos. 9, 10, and 14-22, (2) identify whether documents have already been produced in response to the plaintiffs' document requests and, if so, identify those documents by bates stamp number, and (3) conduct the proposed email key word search and produce responsive emails.

## II. ANALYSIS

### A. Plaintiffs' Interrogatory No. 9

Plaintiffs' Interrogatory No. 9 states, "Identify by name, home and business address and corporate title, all people with knowledge of the factual basis for Defendants' answer and each of its affirmative defenses." The defendants responded with a list of names, and argue that they need not provide those individuals' addresses and corporate titles because, as they allege, they disclosed this information in their Rule 26(a) disclosures and the plaintiffs are familiar with those facts through their work as counsel in *Farmer v. DirectSat*, No. 08 C 3962 (N.D. Ill. filed July 11, 2008). (Defs.' Resp. at 3.) While the defendants' Rule 26(a) disclosures do, indeed, provide

an address for each of the individuals named in response to Plaintiffs' Interrogatory No. 9, it is unclear whether the address provided is a home address or a business address (presumably they are not one and the same) and the Rule 26(a) disclosures do not specify each individual's corporate title. (*See* Defs.' Resp. Ex. A.) In any event, the fact that the defendants provided some of the information requested in Plaintiffs' Interrogatory No. 9 in their Rule 26(a) disclosures does not relieve them of their obligation to submit a complete written response to Interrogatory No. 9. In addition, the plaintiffs argue that the defendants' response to Plaintiffs' Interrogatory No. 9 "is also deficient because it does not identify any supervisors, project managers or dispatch personnel who directly oversaw the Plaintiffs." (Pls.' Reply at 2.) Thus, the plaintiffs' motion to compel is granted insofar as the defendants are compelled to (a) provide a written response to Plaintiffs' Interrogatory No. 9 that specifies each individual's home address, each individual's business address, and each individual's corporate title, and (b) identify any supervisors, project managers, or dispatch personnel who directly oversaw the plaintiffs.

**B.      Plaintiffs' Interrogatory No. 10**

Plaintiffs' Interrogatory No. 10 requests the names, addresses, and telephone numbers of former employees that supervised the plaintiffs or certain "subject employees."[1] (*See* Pls.' Mot. to Compel, Ex. H at 9.) Referring the court to email correspondence between the parties, the defendants allege that the plaintiffs said that the defendants did not have to provide the former supervisors' addresses and telephone numbers and instead would accept the former supervisors' names in full satisfaction of this interrogatory. (Defs.' Resp. at 4.) This is incorrect. In the email, Plaintiffs' counsel clearly states, "Plaintiffs do not agree with Defendants' positions regarding the following . . . Defendants refuse to produce addresses and telephone numbers of

---

[1] The parties do not identify what "subject employees" means, but there does not seem to be any dispute about them.

former Illinois technician supervisors, identified in ¶ 10 . . . ." The plaintiffs also complain that the defendants' response fails to identify whether the individuals named in the defendants' response are current or former employees. (Pls.' Reply at 3.) However, as this interrogatory asks only for information relating to former employees, the court assumes that all of the names provided by the defendants are former employees. Thus, the plaintiffs' motion to compel is granted insofar as the defendants are compelled to produce addresses and telephone numbers for individuals named in their response to Plaintiffs' Interrogatory No. 10.

C.     **Plaintiffs' Interrogatories Nos. 14-22**

The defendants object to Plaintiffs' Interrogatories Nos. 14-22 on the grounds that, because many of the plaintiffs' interrogatories include subparts, these interrogatories are in excess of the 25 written interrogatories the plaintiffs are entitled to propound absent leave of court. Federal Rule of Civil Procedure 33(a) provides, "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). The Committee notes, "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Advisory Committee Notes, 146 F.R.D. 401, 676 (1993).

"There is no bright-line test on how to count parts of interrogatories." *United States ex rel. Liotine v. CDW-Government, Inc.*, No. 05-033-DRH, 2010 WL 2025363, at *1 (S.D. Ill. May 20, 2010). However, "[A]n interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question," whereas "an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation." Wright & Miller, *Federal Practice and Procedure*, § 2168.1; *accord CDW-Government, Inc.*, 2010 WL 2025363, at *1, *Portis v. City of Chi.*, No. 02 C 3139, 2005 WL

991995, at *9 (N.D. Ill. April 15, 2005) (quoting *Swackhammer v. Sprint Corp., PCS*, 225 F.R.D. 658, 664-65 (D. Kan. 2004)); *Bell v. Woodward Governor Co.*, No. 03 C 50190, 2005 WL 3829134, at *1 (N.D. Ill. June 30, 2005) ("interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." (quoting *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997)).

Here, with the exception of Plaintiffs' Interrogatory No. 2, the plaintiffs' interrogatories which include subparts are directed at eliciting details concerning a common theme. *See* Pls.' Interrogatory No. 8 (common theme: people with knowledge of the claims), Pls' Interrogatory No. 14 (common theme: duties performed outside of scheduled hours), Pls' Interrogatory No. 16 (common theme: conduct that resulted in a reduction of wages), Pls' Interrogatory No. 17 (common theme: editing time records), Pls' Interrogatory No. 18 (common theme: the alteration of time records); Pls' Interrogatory No. 19 (common theme: practices and policies related to meal and rest breaks), Pls' Interrogatory No. 21 (common theme: notice to employees of their statutory rights under the Fair Labor Standards Act and Illinois Minimum Wage Law); Pls' Interrogatory No. 22 (common theme: affirmative defenses).

Regarding Plaintiffs' Interrogatory No. 2, the plaintiffs join as subparts questions that seek information about discrete separate subjects. Plaintiffs' Interrogatory No. 2 states:

> For all Plaintiffs and each person who was employed by Defendants as a SUBJECT EMPLOYEE during the Class Period, please provide the following information for that person for <u>each</u> week during the Class Period: (a) his/her dates of employment, (b) the work site(s) where he or she worked as a SUBJECT EMPLOYEE; (c) his/her hourly rate of pay, if any; (d) the number of hours scheduled to work each week; (e) the number of actual hours worked each week; (f) the number of hours recorded as worked for each week; (g) any and all edits made to his or her time records; (h) any deductions made from his or her pay; and, (i) total pre-tax earnings.

The court can identify five common themes within Plaintiffs' Interrogatory No. 2: (1) basic facts about the plaintiffs' employment (subparts (a)-(c)), (2) hours (subparts (d)-(f)), (3) time records (subpart (g)), (4) deductions (subpart (h)), and (5) earnings (subpart (i)). Thus, the plaintiffs have actually propounded 26 interrogatories.

In their reply, the plaintiffs moved, in the event that the court found that they had exceeded the Rule 33 limit, for leave to propound interrogatories in excess of the Rule 33 limit. (Pls.' Reply at 3.) "Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33. Because the court finds that the plaintiffs' last interrogatory, which asks about the defendants' affirmative defenses, is relevant, the court grants the plaintiffs' leave to exceed the 25 interrogatories they are allotted under Rule 33 by one.

Thus, the plaintiffs' motion to compel is granted insofar as the defendants are compelled to respond to Plaintiffs' Interrogatories Nos. 14-22.

**D.      Plaintiffs' Document Requests**

The plaintiffs complain that the defendants have not identified whether they have produced any documents in response to their document requests and "request that this Court compel Defendants to identify by bates range which documents are responsive to Plaintiffs' specific requests." (Pls.' Reply at 4.) However, the defendants assert that they have produced documents as they are kept in the ordinary course of business. (Defs.' Resp. at 6.) The rules do not require anything further. Fed. R. Civ. P. 34(b) ("A party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." (emphasis added)); Wright & Miller, *Federal Practice and Procedure*, § 2213 ("[I]n the first instance the producing party should retain the right to choose between the

production formats authorized by Rule 34(b)." "Requiring further that these requested materials be segregated according to the requests would impose a difficult and usually unnecessary additional burden on the producing party.") Therefore, the plaintiffs' motion to compel is denied insofar as it requests the court to compel the defendants to: (1) identify whether they have produced any documents in response to their document requests and (2) identify by bates range which documents are responsive to the plaintiffs' specific requests.

E.  **Email Key Word Search and the Production of Responsive Emails**

The plaintiffs complain that the defendants have not produced a single email. (Pls.' Mot. to Compel at 3.) The plaintiffs ask the court to compel the defendants to consent to the use of emails produced in the *Farmer* case, which the plaintiffs contend are also relevant here, and split the cost of additional searches. The plaintiffs assert that it cost about $25,000 to do the key word search of 15 email accounts in *Farmer* using about 30 key terms. (Pls.' Mot. to Compel at 3.) In addition to the emails produced in *Farmer*, the plaintiffs would like a supplemental key word search of 5 additional email accounts so that the search is current through the present date. (Pls.' Mot. to Compel at 3.)

The defendants object to the plaintiffs' request, arguing that the plaintiffs have previously used information obtained via discovery in the *Farmer* case to initiate additional cases against them, including this case, and, as a result, they are concerned about future similar conduct by the plaintiffs. (Defs.' Resp. at 7-8.) Indeed, as a result of the plaintiffs' actions, the *Farmer* court entered an order that provides, "No discovery in this case can be used for any purpose other than this case." Order, *Farmer*, ECF No. 58. It appears that the *Farmer* court's order was intended to prohibit the plaintiffs from using information obtained via discovery to initiate additional lawsuits. Here, the plaintiffs seek to use the *Farmer* discovery, not to file another lawsuit, but

rather to prevent the parties from incurring the cost of repeating key word searches of various email accounts. In any event, this court does not have the authority to modify the *Farmer* court's order.

Interestingly, in *Espenscheid v. DirectSat USA, LLC*, No 09 C 0625 (W.D. Wis. filed October 13, 2009), the parties stipulated that the defendants would move the *Farmer* court for an order modifying its protective order to allow for the production of the emails produced in *Farmer* in the *Espenscheid* matter. Accordingly, the defendants moved the *Farmer* court to forward the emails to the *Espenscheid* plaintiffs. Motion, *Farmer*, ECF No. 236. The *Farmer* court granted the defendants' motion. In so doing, the *Farmer* court noted that the plaintiffs did not oppose the defendants' motion, but wished to enlarge it to permit the emails to be used in this and another case. Order, *Farmer*, ECF No. 240 ("In any event, Plaintiffs do not oppose Defendants' motion, but wish to enlarge it to allow the production of discovery to include other lawsuits against Defendants including *Jacks v. DirectSat USA, et al.*, 10 C 1707 (N.D. Ill. 2010) and *Butler v. DirectSat, USA et al.,* 10 C 2747 (D. Md. 2010).") The *Farmer* court granted the defendants' motion to use the emails in the *Espenscheid* case, but declined to so enlarge the motion to allow use of the emails in this case. Order, *Farmer*, ECF No. 240.

In the instant case, the defendants have offered the plaintiffs a "compromise," that is, the defendants are willing either to (1) split the cost of performing a new search (the defendants do not appear to dispute that this search would be largely duplicative of the *Farmer* search) or (2) use the *Farmer* emails in this case provided that the plaintiffs assume the full expense of performing any searches of additional email accounts or using additional key words. (Defs. Resp. at 8.) The plaintiffs complain that the defendants' objection to the use of the *Farmer* emails on the basis that they fear the plaintiffs will use the emails to initiate additional lawsuits is

mere pretext, and that what the defendants are actually trying to do is coerce the plaintiffs into assuming more than their fair share of the cost for discovery. This court agrees. In light of the defendants' willingness to use the *Farmer* emails in other litigation and in particular, in this matter, provided the plaintiffs pay all additional expenses, it is clear that the defendants are not excessively troubled by the possibility that the plaintiffs will use the *Farmer* emails to initiate further litigation. Indeed, if the plaintiffs wanted to use the *Farmer* emails for illicit purposes, they already have the access to the *Farmer* emails that would enable them to do so.

Given all of the above, the court grants the plaintiffs' motion to compel insofar as the defendants are compelled either to: (1) bear the full cost of repeating the email search done in *Farmer* and split the cost of the additional search proposed by the plaintiffs, or (2) within a week, move the *Farmer* court to allow the use of the emails produced there in this case, and split the cost of the additional search proposed by the plaintiffs.

**F.     Costs incurred in bringing this motion to compel**

The court finds that while the defendants' resistance to Plaintiffs' Interrogatories Nos. 9-10 and the discovery of emails was not substantially justified, the plaintiffs' motion to compel was not substantially justified insofar as it asked the court to compel the defendants to identify which documents responded to certain requests. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988) (Resistance to discovery is substantially justified "if there is a 'genuine dispute' or 'if reasonable people could differ as to [the appropriateness of the contested action].'") (internal citations omitted). Given that neither party was entirely in the right in these discovery disputes, an award of fees would be inappropriate. Each party shall bear its own costs incurred in bringing and resisting this motion.

### III. CONCLUSION

The plaintiffs' motion to compel is granted insofar as the defendants are compelled to: (1) provide a written response to Plaintiffs' Interrogatory No. 9 that (a) specifies each individual's home address, each individual's business address, and each individual's corporate title, and (b) identifies and provides the requested information for any supervisors, project managers, or dispatch personnel who directly oversaw the plaintiffs, (2) produce addresses and telephone numbers for individuals named in their response to Plaintiffs' Interrogatory No. 10, (3) respond to Plaintiffs' Interrogatories Nos. 14-22, and (4) either (a) bear the full cost of repeating the email search done in *Farmer* and split the cost of the additional search proposed by the plaintiffs, or (b) within a week, move the *Farmer* court to allow the use of the emails produced there in this case, and split the cost of the additional search proposed by the plaintiffs. The plaintiffs' motion to compel is denied insofar as it requests the court to compel the defendants to: (1) identify whether they have produced any documents in response to their document requests and (2) identify by bates range which documents are responsive to the plaintiffs' specific requests. Each party shall bear its own costs.

ENTER:

　　　　　　　　　　　　　　　　　　/s/　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　JOAN B. GOTTSCHALL
　　　　　　　　　　　　　　　　　United States District Judge

DATED: February 1, 2011