# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1707 | **DATE** | 9/20/2012 |
| **CASE TITLE** | Lashon Jacks, et al. vs. DirectSat USA, LLC, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion for Clarification [138] is granted. The court amends its 06/19/12 order to certify the following class: "All individuals who were employed or are currently employed by DirectSat in the state of Illinois as technicians or in other similarly titled positions at any time between June 12, 2008, and June 19, 2012."

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiffs Lashon Jacks, Morrie Bell, and Errick Rhodes, on behalf of themselves and all others similarly situated, move the court to amend its June 19, 2012, order granting class certification of their state-law claims. Although Plaintiffs proposed in their motion for class certification a class period "from June 12, 2008 to the present" (Pls.' Mot. for Class Certification 2, ECF No. 23), the court's class-certification order added a definite end date to the class, substituting for "the present" the date the complaint was filed, February 9, 2010. Plaintiffs request that the court modify the class end date, arguing that the conduct alleged in their complaint continued past the end date imposed by the court. They argue that amendment of the class date would spare currently employed class members from filing a new lawsuit to assert their ongoing claims and thereby promote judicial economy and efficiency.

In response, Defendants argue that Plaintiffs' request is a "motion for reconsideration" and ask that it be stricken or denied because Plaintiffs have shown no manifest error of law or fact committed by the court. *See Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Defendants' response offers no substantive argument as to why the amended class period is not appropriate to promote judicial economy, or why the amended class would not satisfy the requirements of Rule 23.

Amending the class-certification order is within the court's power, whether or not its previous order contained any manifest error of law or fact. "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.").

**STATEMENT**

The court notes that two class actions involving the same allegations against Defendants during different class periods are already proceeding in this district alone. If Defendants' alleged violations are indeed ongoing, further lawsuits are sure to follow. It is therefore expeditious to amend the class period to reduce the need for successive and duplicative actions. Although Plaintiffs prefer an open-ended class period, however, the court believes that a class period with no time limit would be overbroad and unmanageable. The court will therefore amend the class period to end on the date the class was certified.

The following class is certified: "All individuals who were employed or are currently employed by DirectSat in the state of Illinois as technicians or in other similarly titled positions at any time between June 12, 2008, and June 19, 2012."