**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LASHON JACKS, MORRIE BELL, and ERRICK RHODES, individually, and on behalf of all others similarly situated, | ) ) ) | Case No. 10 CV 1707 |
| | ) ) | Judge Joan B. Gottschall |
| Plaintiffs, | ) | |
| v. | ) ) | |
| | ) | |
| DIRECTSAT USA, LLC, UNITEK USA, LLC, JAY HEABERLIN, LLOYD RIDDLE, and DAN YANNANTUONO, | ) ) ) ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This certified wage-and-hour class action, which was originally filed in Cook County Circuit Court, has been pending in this court for more than nine years. The plaintiffs worked as full-time satellite technicians in Illinois. They bring claims under the Illinois Minimum Wage Law, 820 ILCS§ 105/4, and the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against DirectSat USA, LLC and Unitek USA, LLC. Plaintiff's original complaint filed in state court in 2010 remains their live complaint. ECF No. 1 Ex. A. Defendants answered the complaint on March 24, 2010. Orig. Ans., ECF No. 15. They first moved to amend their answer more than eight years later in August 2018. ECF No. 455. On October 5, 2018, this court denied defendants' original motion for leave to amend without prejudice on October 5, 2018, and authorized them to refile it with specified details. *See* ECF No. 469 at 3. Defendants' amended motion is before the court. For the following reasons, the court denies the motion except as to two defenses the basis of which came to light within the last year of limited discovery.

1

The complicated, some might say tortured, procedural history need not be recited, except to make three broad points. *See* Order 2–3, ECF No. 410 (Nov. 7, 2017) (summarizing history leading to limited discovery); *Jacks v. DirectSat USA, LLC*, 2015 WL 1087897, at *1–3 (N.D. Ill. Mar. 10, 2015) (summarizing procedural history to that point). Despite certain complications involving the class definition, substantial discovery had been conducted by 2016 when plaintiffs moved for partial summary judgment. The court denied their motion in September 2017, ECF No. 406. Plaintiffs objected to conducting further discovery. But defendants sought and obtained permission to conduct limited discovery on outstanding class issues. Order 6 (Nov. 7, 2017), ECF No. 410.

During the discovery that preceded those events and throughout the period of limited discovery that followed, defendants did not seek to amend their answer. When they moved for leave to amend on August 2, 2018, ECF No. 455, Judge Mason, who was supervising limited discovery, had set August 31, 2018, as the deadline to complete limited discovery. Minute Entry, June 14, 2018, ECF No. 447.

As they did in their first motion, defendants say that they are attempting to add "a select few affirmative defenses . . . that [d]efendants only recently learned were viable based upon class discovery exchanged by the parties in the past few months." Defs.' Mem. Supp. Mot. Leave to File Am. Ans. 4 ["Defs.' Mem."], ECF No. 471 at 3. Basic federal pleading rules frame the parties' arguments. Federal Rule of Civil Procedure 8(b) requires a party to do two, distinct things in an answer: "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Rule 8(c) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," and lists 18 such defenses. "A defendant's failure to plead an affirmative

defense may result in a waiver of the defense if the defendant has relinquished it knowingly and intelligently, or forfeiture if the defendant merely failed to preserve the defense by pleading it." *Reed v. Columbia St. Mary's Hosp.,* 915 F.3d 473, 478 (7th Cir. 2019) (citation omitted). Either way, the purpose of the rule "'is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail.'" *Id.* (quoting *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997)); *see also Brunswick Leasing Corp. v. Wisc. Cent., Ltd.*, 136 F.3d 521, 531 (7th Cir. 1998) (citing *Venters*, 123 F.3d at 967).

No deadline to amend pleadings has been set, so Federal Rule of Civil Procedure 15(a)(2) governs the instant motion. *Cf. Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016) (discussing more demanding standard governing a motion for leave filed after the deadline to amend pleadings set in a Fed. R. Civ. P. 16 scheduling order). Under Rule 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires" before trial. Rule 15(a)(2) affords "'[d]istrict courts . . . broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008)); *accord Bell v. Taylor*, 827 F.3d 699, 705 (7th Cir. 2016) (quoting *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001)).

Defendants do not catalog all of the proposed changes to the answer in their briefing[1], but they do summarize them by grouping them argumentatively into four categories. Referring to

---

[1] The order denying defendant's original motion identified several problems with defendants' submission, among them that they "have not made it easy for the court to figure out exactly what they are hoping to do, providing a red-lined version of their proposed amended answer (except it is not red but very difficult to decipher shades of gray),

defense numbers in the proposed amended answer, the categories are: (a) newly pleaded exemption defenses (defenses 3, 4, 17, 18); (b) newly pleaded defenses on matters that have been briefed at earlier stages of this litigation (defenses 16, 19, 26, and 34); (c) newly pleaded "class discovery" defenses that defendants say could not have been pleaded before the most recent round of limited discovery; (defenses 10, 11, 13, and 14); and (d) modified defenses intended to clarify defendants' position. *See* Defs.' Mem. 9–15. The court counts 12 newly pleaded affirmative defenses in the first three categories, though defendants dispute whether some were preserved by denials in their original answer and whether they could have been pleaded before the most recent round of limited discovery. *See id.* Plaintiffs respond that defendants could and should have raised them years ago. As a result, plaintiffs say that defendants have unduly delayed moving to amend, that plaintiffs will suffer undue prejudice if discovery is reopened, and that allowing the amendment would be futile because, as proposed, the defenses are not adequately pleaded.

To settle the parties' dispute over prejudicial undue delay, the court looks first at the original answer. Defendants denied two paragraphs of the complaint alleging that plaintiffs were categorized as nonexempt, hourly workers. Orig. Ans. ¶¶ 1, 12. Those denials put at issue whether plaintiffs were exempt from the FLSA's overtime requirements, according to defendants, making the defenses they seek to plead based on specific exemptions (category (a)) no surprise to plaintiffs regardless of how much discovery has been taken. Defs.' Mem. 9–11.

---

changing their previously asserted 22 affirmative defenses and intermixing their new ones." *Id.* at 1 (citations omitted). The court's plea apparently fell on deaf ears. Defendants refiled the same "red line" copy of their proposed amended answer attached to the original. The greyscale annotations remain nearly incomprehensible, making it difficult for the court to assess which defenses have been modified, which are reorganized, and which are newly added without comparing the original and proposed amended answer line-by-line. *Compare* Orig. Proposed Am. Ans., ECF No. 455-1 Ex. 1, *with* Proposed Am. Ans., ECF No. 470-1 Ex. 1. As discussed in the text, defendants indirectly provide some of this information in their supporting memorandum.

Contrary to defendants' contentions, *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 632 (7th Cir. 2010) does not hold that an answer's denial of an allegation that the plaintiff was exempt preserves the defense. If the Seventh Circuit had so held, its analysis of whether the plaintiff was prejudiced by the defense's introduction at a later stage would have been unnecessary. *See id. Schmidt* held that "the course of discovery as a whole should have put [the plaintiff] on notice that the [particular] exemptions [litigated at summary judgment] were at issue." *Id.* This court can reach no similar conclusion here because, using defendants' own category, these exemptions have not been raised in prior briefing or rulings. *See* Defs.' Mem. 9–11.

Defendants also rely on this court's decision that an answer's denial of an allegation that the court had personal jurisdiction over a defendant preserved the defense. *Nucap Indus. Inc, v. Robert Bosch LLC*, 2017 WL 3581174, at *6 (N.D. Ill. Aug. 18, 2017) (Gottschall J.). *Nucap* did not involve a waiver or forfeiture question under Rule 8(c) since lack of personal jurisdiction is not an affirmative defense listed in that rule. Nor does it qualify as an affirmative defense. The Seventh Circuit has affirmed an order striking a personal jurisdiction defense from an answer as unnecessary. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The question in *Nucap* was whether the defendant waived the defense of lack of personal jurisdiction by omitting it from a motion to dismiss the complaint—a question governed by Rules 12(g) and (h), which apply to motions to dismiss a complaint. This court found persuasive a number of cases holding "that denying an allegation that the court has personal jurisdiction avoids waiver under Rule 12(h)." *Nucap*, 2017 WL 3581174, at *6 (quoting *Lowe v. CVS Pharm., Inc.*, 233 F. Supp. 3d 636, 642 (N.D. Ill. 2017)) (other citations omitted). Since personal jurisdiction is not at issue here, *Nucap* is inapposite. Defendants' chart of discovery taken in this

case also does not demonstrate that plaintiffs had notice that defendants intended to raise the specific exemptions they seek to plead. The court identified several problems when it denied defendants' original motion for leave to amend:

> First, the defendants do not make specific arguments for each proposed additional affirmative defense, leaving it to the court to figure out whether the arguments they make for selected "examples" apply to other proposed defenses and if so, which ones. Secondly, they argue that the issues they raise have already been subject to extensive discovery so plaintiffs will not be prejudiced by the late addition of these defenses. Defendants fail, however, to summarize the relevant discovery that has taken place, leaving the court with no basis on which to assess whether or not defendants' assertion is correct. Third, many of the proposed defenses are worded in such vague terms that, even if the court knew all the details of the discovery that has taken place, which it certainly does not (discovery has been supervised by Judge Mason since early 2011), it would have a difficult time figuring out if the vaguely-worded defenses have been the subject of discovery; what defendants mean is too obscure. And finally, while not raised by plaintiffs, defendants' decision to give the court a black-and-white "redlined" version of their defenses is totally perplexing. Which defenses are new? Which are amended restatements of defenses raised at the time of the original answer? And since Exhibit 1 to Defendants' Motion for Leave to File Amended Answer contains a total of 34 affirmative defenses and the original answer contained 22 (and they appear intermixed in the proposed amendment), is the court expected to line up the original answer and the new answer to try to figure out what is new, what is eliminated, and what is simply modified? As the Seventh Circuit has noted, "judges are not ferrets" and combing the record trying to find support or lack thereof for a party's argument is not their job. *See Firishchak v. Holder,* 636 F.3d 305, 311–12 (7th Cir. 2011) (collecting cases).

Order 2 (Oct. 5, 2018), ECF No. 469. The court authorized defendants to refile their motion subject to certain requirements intended to allow the court to assess the parties' arguments. *See id.* at 3. Among those conditions:

> To support the argument that additional discovery will not be needed in this aged case, any amended motion must list each proposed affirmative defense, together with the discovery relevant to that defense (if any) that has been conducted. If, as in a few examples defendants cite, new discovery has revealed a basis for a new affirmative defense, defendants should describe the discovery to which they refer and provide the court with the date on which they obtained the new discovery.

*Id.*

To satisfy these requirements, defendants have attached a chart listing each proposed affirmative defense and a table listing the dates on which allegedly relevant discovery was produced. *See* ECF No. 470-2 Ex. 2. A typical defense, selected at random, follows:

Affirmative Defense: Each of Plaintiffs' and purported class members' claims are barred in whole or in part to the extent each Plaintiff fails [sic] within the "retail or service establishment" exception of the FLSA overtime requirements contained in 29 U.S.C. 207(i) and in Illinois law.

Discovery:

| Description | Produced By | Produced Date |
|---|---|---|
| 3 Named Plaintiffs' Depositions | Plaintiffs | December 8 and 9, 2010 |
| Managers Reports | Defendants (DSAT-JACKS 1819-2132, 10870461087468, 7675332-7675361) | August 2, 2010; July 2, 2013; January 16, 2018 |
| Class Member Earning Statements | Defendants (DSAT-JACKS 2133-2193, 2549-2588, 2740-2781,6441-27989, 524169531518) | August 2, 2010; October 5, 2012; April 26, 2013 |
| Defendant Dan Yannantuono Deposition | Defendants | February 24, 2011 |
| Defendant Jay Heaberlin Deposition | Defendants | February 24, 2011 |
| Christopher Hisey Deposition | Defendants | February 25, 2011 |
| John Kowalski Deposition | Defendants | December 6, 2011 |
| Jim Dellinger Deposition | Defendants | December 7, 2011 |
| Defendant Lloyd Riddle Deposition | Defendants | March 22, 2013 |

| Defendants' Answers and Objections to Plaintiffs' Third Set of Interrogatories | Defendants | January 16, 2018 |
|---|---|---|
| | | |

*Id.* at 9–10. The chart does not make clear at all how the discovery is relevant to each defense, and the court cannot divine from it how the discovery responses put plaintiffs on notice that the defense was at issue. *Cf. Schmidt*, 599 F.3d at 632.

Defendants assert often and loudly that plaintiffs have not identified any specific discovery that will need to be taken if the amendments are allowed. *E.g.*, Defs.' Mem. 8. But defendants bear the burden to prove that plaintiffs will not be unduly prejudiced by the amendment. *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994); *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016) (citing *King*, 26 F.3d at 724); *Jones v. DuPage Cty. Sheriff's Office*, 2018 WL 6398925, at *3 (N.D. Ill. Dec. 6, 2018) (Gottschall, J.) (discussing *Cooke's* holding and cases applying it). Defendants cannot simply thrust this burden on plaintiffs by demanding that they articulate what discovery they would have conducted differently.

Plaintiffs have in any event identified specific additional discovery that would be required. *See* Resp. 14–15, ECF No. 473. They will likely need to take further written discovery on defendant's procedures for determining how to classify workers as exempt or nonexempt, redepose one or more of defendants' corporate representatives, and possibly redepose some plaintiffs and class members. *Id.* Defendants do not directly dispute that discovery will be necessary. They instead offer to meet and confer regarding the new additional discovery. Reply 2, ECF No. 474. Plaintiffs have not had an opportunity to respond to defendants' invitation

because it was extended in their reply. Nevertheless, "the offer itself tacitly admits that some additional discovery may be needed." *Jones*, 2018 WL 6398925, at *4.

Since defendants tacitly concede that further discovery will be necessary, they have certainly not carried their burden to negate the obvious prejudice that plaintiffs will suffer if discovery is again reopened and these protracted proceedings must be prolonged further. Contrary to defendants' arguments, leave to amend a pleading may be denied near the end of discovery based upon a finding of undue delay and prejudice. *See Ferguson v. Roberts*, 11 F.3d 696, 707 (7th Cir. 1993) (motion filed, like the instant motion, one month before discovery closed). The Seventh Circuit has held that prejudicially undue delay is apparent when a party seeks to add new claims or defenses where discovery has closed and the opposing party has filed a motion for summary judgment. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773–74 (7th Cir. 1995) (motion for leave to amend filed 19 days after discovery closed and after opposing party filed motion for summary judgment); *see also J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991) (district court may deny leave to amend for "apparent reasons" including prejudice). Plaintiffs' motion for summary judgment was filed nearly three years ago in 2016, and the court decided it in September 2017, ECF No. 406.

Defendants point to *Alvarado v. Corp. Cleaning Servs., Inc.*, 782 F.3d 365, 366 (7th Cir. 2015), which they say changed the landscape of one of the exemptions they wish to plead. Defs.' Mem. 11. Defendants note that discovery was stayed when *Alvarado* was decided, but defendants subsequently fought for and obtained leave to conduct additional discovery in 2017. They do not explain why they could not have made arguments based on *Alvarado* at that point or in 2016 when the stay was lifted and plaintiffs moved for partial summary judgment. *Alvarado* is but an example. The same reasoning applies to all of the newly pleaded exemption defenses.

As far as this court knows, none were mentioned while defendants vigorously litigated the scope of limited discovery before Judge Mason. The chart identifies some discovery taken during limited discovery as relevant, but again, the chart and defendants' submissions do not explain how plaintiffs were apprised that defendants intended to rely on any of their newly pleaded exemption defenses. *See* ECF No. 470-2 Ex. 2. The timing and circumstances of defendants' motion therefore fall within the run of cases holding that undue delay and undue prejudice walk hand in hand where a party waits to move to amend a pleading until after discovery is closed and a motion for summary judgment is on file. *See, e.g., Johnson v. Cypress Hill*, 641 F.3d 867, 872–73 (7th Cir. 2011) (four years); *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005); *Feldman v. Am. Mem. Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir.1999) (five months after discovering factual basis for delay); *Sanders*, 56 F.3d at 773–74; *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (two years to amend affirmative defense); *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (same as *Feldman*; three-month delay).

The foregoing prejudice analysis does not apply to the newly pleaded defenses on issues that were actually litigated earlier in this case, clarifying amendments to currently pleaded defenses, or the defenses defendants claim first became apparent during the most recent round of limited discovery. Examples include the applicability of the Employee Commuting Flexibility Act of 1996 ("ECFA"), Pub. L. No. 104-188, Title II, § 2102, 110 Stat. 1755, 1928 (1996), or defendants' positions on why a class should not have been certified and should not be maintained. Why seek to add these defenses now? Defendants say that pleading them will avoid unnecessary future disputes. Defs.' Mem. 13. This is a proper motive to amend, but as explained below the briefing strongly suggests that this possible benefit comes with a substantial

cost: further delay to litigate the answer's sufficiency on issues that defendants claim have been preserved anyway.

Many of the defenses do not comply with federal pleading requirements, so filing an answer in the form proposed would be futile. Plaintiffs argue that all of defendants' defenses are inadequately pleaded and would be stricken if filed. *See EEOC v. Orion Energy Sys. Inc.*, 145 F. Supp. 3d 841, 844 (E.D. Wis. 2015) (amendment would be futile if affirmative defenses would not survive motion to strike). The consequences of failing to plead an affirmative defense at the outset of litigation can be serious. Courts in this district have therefore recognized that defendants should not be penalized for separately pleading defenses that can be put at issue by a simple denial in an answer–least where the defendant reasonably doubts into which category the issue falls. *See, e.g., Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982). Nevertheless, defenses that are redundant of denials in the answer may be stricken to remove "clutter"), and affirmative defenses must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Heller Fin.*, 883 F.2d at 1294; *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039–41 (N.D. Ill. 2014) (collecting and discussing cases).

Defendants do not defend their proposed affirmative defenses as sufficiently pleaded; they instead claim that prior discovery and practice in this case makes pleading further details unnecessary. Reply 13–15; *Cf. Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller Fin.*, 883 F.2d at 1294) (stating that affirmative defenses should be stricken "only when they are insufficient on the face of the pleadings"). The defendants cite no authority for the proposition that the pleading standard relaxes after discovery is taken. The proposed amended answer recites the newly pleaded defenses in conclusory fashion, *see* ECF No. 470-1 at 16–22, so they would be stricken on a Rule 12(f)(2) motion. *See Heller Fin.*, 883 F.2d at 1295

11

(affirming order striking affirmative defenses comprised of "nothing but bare bones conclusory allegations"); *Sarkis' Cafe*, 55 F. Supp. 3d at 1041 (striking "one-sentence defense [because it] would be insufficient under the *Twombly–Iqbal* standard"). Plaintiffs made this point in their response to defendants' original motion. *See* ECF No. 462 at 5. Yet defendants refiled the same answer and argued that deciding the issue would be premature because a Rule 12(f)(2) motion had not yet been filed. Reply 13–15.

Defendants' arguments on futility betray their dilatory motive. They argue that the proposed answer's sufficiency should be tested on a full motion to strike. Reply 13. The court can only conclude that defendants would be happy to delay this case further while such a motion is litigated. Their comfort with prolonging the litigation over something they contend does not matter reveals their motive to be dilatory. Given defendants' motive, their requests to amend to clarify already pleaded defenses, to plead their reasons for opposing class certification as defenses, and to plead defenses pertaining to matters that have been litigated are denied.

Despite misgivings about defendants' motive, the court grants defendants' request to plead proposed defenses 13 and 14. These defenses assert respectively that (i) standing and judicial estoppel bars a class member from recovering if she filed for bankruptcy but did not list the claim here as an asset in bankruptcy; and (ii) class members who signed settlement agreements in related wage-and-hour litigation against defendants released their claims here. Proposed Am. Ans. 19. Defendants argue that they first developed grounds for pleading these defenses in the last year during which they settled with some class members and when they redeposed class members and realized that some had filed for bankruptcy. Defs.' Mem. 13–14. Defendants offer no specific timeline, and they do not explain why they waited, if wait they did, until less than a month remained to complete discovery. *See id.* Plaintiffs do not specifically

suggest that either defense is inadequately pleaded, at least not as supplemented in defendants' briefing. And while there is reason to be dubious of defendants' motives, it is difficult to see how allowing defendants to plead defenses 13 and 14 will require much, if any, new discovery or otherwise unduly delay matters. The court therefore grants defendants' motion to plead their proposed defenses 13 and 14.

* * *

For the reasons stated, defendants' amended motion for leave to file an amended answer is granted in part and denied in part. Defendants may amend their answer to plead their proposed affirmative defenses 13 and 14. No other amendment is authorized. Defendants' amended answer is due within seven days after the entry of this order.


Date: April 25, 2019                    _____/s/_____
                                        Joan B. Gottschall
                                        United States District Judge